THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RAFAEL SORIANO BÁEZ, Defendant and Appellant.

Nos. CR-66-220          Decided March 29, 1967.
to
CR-66-223.

*A. de Jesús Matos, R. de Jesús Cintrón,* and *Santos P. Amadeo*
for defendant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Lolita Miranda de Escudero, Assistant Solicitor
General,* for The People.

PER CURIAM: Appellant was convicted by a jury of the
following three offenses: assault to commit murder; violation of § 8 of the Weapons Law, and violation of § 6 of
the Weapons Law. He was also convicted by the court of
a violation of § 4 of the Weapons Law.[1]

---

[1] 33 L.P.R.A. § 732; 25 L.P.R.A. §§ 418, 416 and 414. In prosecutions
for a felony the accused has the right of trial by jury, Constitution of
Puerto Rico, Art. II, § 11. The prosecutions for misdemeanor are heard
by court without a jury.

From the evidence it appears that the offenses were committed under the following circumstances. While a police patrol was arresting a male companion of defendant who was traveling with him in the same car during the early morning hours, in ward La Perla in San Juan, defendant got off the vehicle, drew out a pistol and aiming it at policeman José M. Ayala Muriel's neck he pulled the trigger. The hammer of the pistol produced the metallic sound "click," "*mascó*" the bullet cap and the shot did not go off. Defendant was also carrying what the witnesses called a "whip-skewer" which is a weapon the exterior appearance of which is that of a whip, but which upon pulling off its cover it exposes a steel stiletto or skewer.

On appeal defendant assigns as the only error that the court deprived him of adequate defense. He argues that he did not have time to prepare.

By only reading the fragments of the transcript of evidence which appellant presented in his memorandum, the conclusion is reached that the error assigned was committed. But no trustworthy court could render an opinion upon hearing only one of the parties. We have read the parties' briefs, examined the record and we have also read the whole transcript of evidence, which consists of 181 pages. Having read the whole transcript of evidence we have before us the complete picture of what happened at the trial, which we believe is necessary to dispose of the error assigned. In order to form an opinion as to the error alleged, it is necessary that we make a concise chronology of the facts pertinent to this question.

■ The facts occurred October 12, 1964. The informations for the violation of §§ 4 and 6 of the Weapons Law were filed on October 29, 1964 and the informations for the violation of § 8 of said law and for the attempt to commit murder were filed December 29 of the same year.

January 22, 1965 was set for the arraignment. Defendant appeared without counsel and the court designated an attorney to represent him at the arraignment. The informations were considered read and a copy thereof was delivered to defendant through his attorney. Defendant pleaded not guilty, moved for trial by jury in those cases in which it was proper, and that the cases be heard jointly. That same day the court designated Mr. Roberto de la Torre, at that time Director of the Legal Aid Society, to represent defendant in these cases and instructed defendant to confer with said attorney or with any other attorney of the Legal Aid Society, which defendant never did. That same day, January 22, 1965, the court set the hearing of the cases for February 24 of that year. It appears, then, that a copy of the informations having been delivered to defendant on that same day, an attorney was designated and he was granted a first term of one month two days to prepare himself for the trial.

On the day set for the hearing, February 24, 1965, defendant appeared again without counsel and informed that he had retained the services of Mr. Bultrón and that he wanted the suspension of the trial. The court granted the motion for continuance and suspended the hearing of the cases for March 3, 1965. Foreseeing the possibility that defendant would appear without counsel, the court designated Mrs. Anatilde Rivera Morales, of the Legal Aid Society, to represent defendant at the trial. Mrs. Rivera Morales was notified.

On March 3, 1965 defendant appeared represented by Mr. Benicio Sánchez Rivera and moved again for the suspension of the hearing on the ground that he was not ready for trial. This time, the court denied the motion for continuance and ordered that if Mr. Sánchez Rivera did not take the representation of defendant, then the latter would be represented by Mr. Maldonado Pabón of the Legal Aid So-

ciety, who had already appeared in record as counsel for the defense and in representation of said Legal Aid Society. Mr. Sánchez Rivera moved to be relieved from the representation of defendant, and the court granted his motion. This occurred in the morning; the court continued the proceeding for 2:00 p.m. to give the defense some time to prepare.

In the afternoon of said March 3, the case was called again for trial. Then, Mr. Richard Ramos Algarín intervened, and addressing the court said, "If you permit me to take the representation together with my colleague of Legal Aid (Anatilde Rivera Morales) I would like to join the defense." The court agreed and informed him that the case will be heard that same day, to which Mr. Ramos Algarín answers "Very well." Mr. Maldonado Pabón, of the Legal Aid Society, requested to be relieved, and the court agreed.

The situation being that defendant would be represented by attorneys Ramos Algarín and Anatilde Rivera Morales, the court asked the prosecuting attorney and the defense whether they were ready to commence the trial and both parties answered in the affirmative (Tr. Ev. 17).

The trial was heard during March 3, 4 and 5, 1965. Defendant was represented by both attorneys Anatilde Rivera Morales and Richard Ramos Algarín.

The transcript of evidence reveals the endeavors of the court to obtain the names and addresses of the witnesses for the defense and to make them appear. The evidence for the prosecution consisted of the testimony of policemen José M. Álvarez and José M. Ayala Muriel. The evidence for the defense consisted of the testimony of Ricardo MacLin Escalera, Tiburcio Pérez, and Pascuala Pintado. Considering the testimony of a third witness cumulative, the prosecuting attorney did not present him, and put him at the disposal of the defense, which did not use him.

The record shows that the attorneys for the defense accomplished an energetic and diligent defense. As may be expected the theory of the defense and the theory of the prosecuting attorney are conflicting. The jury settled the conflict.

▮ It is a matter of common sense, and we have previously so decided, that the right which we always sanction and which is also sanctioned by our Constitution, to have assistance of counsel and to prepare for the trial, cannot be used to obstruct the normal course of the proceedings: *Romero* v. *Warden,* 78 P.R.R. 544 (1955), *People* v. *Barriera González,* 89 P.R.R. 756 (1964). In *Romero* v. *Warden, supra,* we said at page 549:

"That right must be zealously protected by the courts, but the defendant should not be reluctant to exercise it, [Citations] nor use it to obstruct the normal course of proceedings. He should not wait until the last minute to designate counsel, unless he has good reasons for not doing it sooner, and then allege, if the outcome of the proceeding is adverse to him, that because of his own omission and lack of diligence he was denied such right. To sanction this action which we reject here would be tantamount to establishing a precedent highly injurious to the orderly administration of justice in criminal matters. The effect would be to grant the defendants the control over the calendars of the courts by placing them in a position to determine when the proceedings shall be heard, thereby furnishing an easy means to have the trials postponed at their will simply by waiting until the last minute to employ or change counsel."

The error assigned was not committed. The judgments appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.